Judge Richard A. Jones

FILED ENTERED
LODGED RECEIVED

MAY 25 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-00121RAJ |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| TRAVIS PHILLIPS, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Thomas M. Woods and Joseph Silvio, Assistant United States Attorneys for said District, Defendant TRAVIS PHILLIPS, and his attorney, Nancy Tenney, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.      **Waiver of Indictment.**  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.      **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information: *Conspiracy to Distribute Controlled*

PLEA AGREEMENT/PHILLIPS - 1

1 | *Substances*, as charged in Count 1, in violation of Title 21, United States Code, Sections
2 | 841(a)(1), 841(b)(1)(C) and 846.

3 | By entering this plea of guilty, Defendant hereby waives all objections to the form
4 | of the charging document.  Defendant further understands that before entering his guilty
5 | plea, he will be placed under oath.  Any statement given by Defendant under oath may be
6 | used by the United States in a prosecution for perjury or false statement.

7 | 3.     **Elements of the Offense**.  The elements of the offense of *Conspiracy to*
8 | *Distribute Controlled Substances*, as charged in Count 1, in violation of Title 21, United
9 | States Code, Sections 841(a)(1), 841(b)(1)(C) and 846 are as follows:

10 | *First*, there was an agreement between two or more persons to distribute
11 | controlled substances;

12 | *Second*, Defendant joined in the agreement knowing of its purpose and intending
13 | to help accomplish that purpose.

14 | 4.     **The Penalties**.  Defendant understands that the statutory penalties
15 | applicable to the offense of *Conspiracy to Distribute Controlled Substances*, as charged
16 | in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C)
17 | and 846 are as follows:  A maximum term of imprisonment of up to twenty (20) years; a
18 | fine of up to $1 million dollars; a period of supervision following release from prison of
19 | at least three (3) years, and a mandatory special assessment of $100 dollars.

20 | Defendant understands that supervised release is a period of time following
21 | imprisonment during which he will be subject to certain restrictive conditions and
22 | requirements.  Defendant further understands that if supervised release is imposed and he
23 | violates one or more of the conditions or requirements, Defendant could be returned to
24 | prison for all or part of the term of supervised release that was originally imposed.  This
25 | could result in Defendant's serving a total term of imprisonment greater than the statutory
26 | maximum stated above.

27 | Defendant understands that as a part of any sentence, in addition to any term of
28 | imprisonment and/or fine that is imposed, the Court may order Defendant to pay

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  restitution to any victim of the offense, as required by law.

2       Defendant further understands that a consequence of pleading guilty may include

3  the forfeiture of certain property either as a part of the sentence imposed by the Court, or

4  as a result of civil judicial or administrative process.

5       Defendant agrees that any monetary penalty the Court imposes, including the

6  special assessment, fine, costs, or restitution, is due and payable immediately and further

7  agrees to submit a completed Financial Statement of Debtor form as requested by the

8  United States Attorney's Office.

9       Defendant understands that by pleading guilty to a felony drug offense, Defendant

10  will become ineligible for certain food stamp and Social Security benefits as directed by

11  Title 21, United States Code, Section 862a.

12       5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

13  pleading guilty, she knowingly and voluntarily waives the following rights:

14       a.    The right to plead not guilty and to persist in a plea of not guilty;

15       b.    The right to a speedy and public trial before a jury of his peers;

16       c.    The right to the effective assistance of counsel at trial, including, if

17       Defendant could not afford an attorney, the right to have the Court

18       appoint one for him;

19       d.    The right to be presumed innocent until guilt has been established

20       beyond a reasonable doubt at trial;

21       e.    The right to confront and cross-examine witnesses against Defendant

22       at trial;

23       f.    The right to compel or subpoena witnesses to appear on his behalf at

24       trial;

25       g.    The right to testify or to remain silent at trial, at which trial such

26       silence could not be used against Defendant; and

27       h.    The right to appeal a finding of guilt or any pretrial rulings.

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.      **Statement of Facts**.  The parties agree on the following facts.  Defendant
admits that he is guilty of the charged offense:

a.      In late April 2017, agents intercepted an international shipment of
MDMA powder that TRAVIS PHILLIPS had ordered.  On May 2, 2017, agents
confronted PHILLIPS, who consented to a search of his Seattle residence.  He also
alerted agents to additional shipments of MDMA powder that he had ordered that were in
transit to him.  Agents seized a total of approximately 5015.5 grams of MDMA powder
during the search and from the packages that were intercepted.  Agents also intercepted a
package destined for PHILLIPS that contained approximately 7187 MDMA tablets.
Agents also seized from PHILLIPS's residence a handgun and a rifle, both of which he
possessed.

b.      In 2016, PHILLIPS was living in the area near Stockton, California.
Agents seized three packages during 2016 that were destined for PHILLIPS that
contained raw MDMA powder.  The shipments contained a total of approximately 1546
grams of MDMA powder.

c.      PHILLIPS sold MDMA to others on dark web marketplaces.
Individuals associated with these marketplaces helped him distribute the MDMA by
among other things, providing the marketplace forum, and facilitating each transaction
with PHILLIP's customers.

d.      PHILLIPS possessed or intended to possess the MDMA described in
the preceding paragraphs for distribution to others through dark web marketplaces.

e.      For each of the dark web transaction wherein PHILLIPS distributed
a controlled substance, his customers paid PHILLIPS in Bitcoin.  On May 11, 2017, law
enforcement seized seven Bitcoin from PHILLIPS.  PHILLIPS had received this Bitcoin
in exchange for drug sales.

f.      The parties agree that the Court may consider additional facts
contained in the Presentence Report (subject to standard objections by the parties) and/or
that may be presented by the United States or Defendant at the time of sentencing, and

PLEA AGREEMENT/PHILLIPS - 4

1  that the factual statement contained herein is not intended to limit the facts that the parties

2  may present to the Court at the time of sentencing.

3      7.    **United States Sentencing Guidelines**.  Defendant understands and

4  acknowledges that the Court must consider the sentencing range calculated under the

5  United States Sentencing Guidelines and possible departures under the Sentencing

6  Guidelines together with the other factors set forth in Title 18, United States Code,

7  Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

8  history and characteristics of the defendant; (3) the need for the sentence to reflect the

9  seriousness of the offense, to promote respect for the law, and to provide just punishment

10  for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

11  conduct; (5) the need for the sentence to protect the public from further crimes of the

12  defendant; (6) the need to provide the defendant with educational and vocational training,

13  medical care, or other correctional treatment in the most effective manner; (7) the kinds

14  of sentences available; (8) the need to provide restitution to victims; and (9) the need to

15  avoid unwarranted sentence disparity among defendants involved in similar conduct who

16  have similar records.  Accordingly, Defendant understands and acknowledges that:

17      a.    The Court will determine applicable Defendant's Sentencing

18  Guidelines range at the time of sentencing;

19      b.    After consideration of the Sentencing Guidelines and the factors in

20  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

21  maximum term authorized by law;

22      c.    The Court is not bound by any recommendation regarding the

23  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

24  range offered by the parties or the United States Probation Department, or by any

25  stipulations or agreements between the parties in this Plea Agreement; and

26      d.    Defendant may not withdraw his guilty plea solely because of the

27  sentence imposed by the Court.

28

PLEA AGREEMENT/PHILLIPS - 5

8.     **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.     **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.     A base offense level of 32, based on the amount of controlled substances Defendant was involved in distributing and/or possessing with intent to distribute as part of the conspiracy;

b.     A two-level increase for possessing a firearm in connection with the offense, pursuant to United States Sentencing Guideline § 2D1.1(b)(1).

c.     A two-level increase because the defendant distributed controlled substances through mass-marketing by means of an interactive computer service, pursuant to United States Sentencing Guideline § 2D1.1(b)(7).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Sentencing Recommendation**.  The government agrees to recommend a sentence no higher than 72 months.  The government is free to recommend other conditions of the sentence, including the length and terms of supervision.  Defendant is free to recommend any sentence.  Defendant understands that the Court is not bound by the parties' recommendations.

11.    **Acceptance of Responsibility.**  At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of

PLEA AGREEMENT/PHILLIPS - 6

his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12.   **Forfeiture**.  Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case.  The defendant agrees that the conduct described in the Information and this Plea Agreement provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.

Defendant agrees to forfeit to the United States immediately all of Defendant's right, title and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit or to facilitate the distribution of controlled substances, and any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of this offense, that are subject to forfeiture pursuant to Title 21, United States Code, Section 853, including the property identified in the Information that was filed in this case, *i.e.*,

- 7 bitcoin seized from TRAVIS PHILLIPS
- Apple MacBook Pro, S/N C02TC3DUHF1P
- Apple MacBook Air, S/N C1MRQBQNH3QF
- Apple iPhone, IMEI 359303061242348
- Apple iPhone, IMEI 013967000080882
- Apple iPhone, IMEI 359230069096097
- External hard drive, S/N NA7E4NM5
- Semi-automatic handgun, S/N 386313464
- Winchester bolt action rifle, S/N G116707

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets, real or personal, tangible or intangible, constitute or are traceable to proceeds or facilitated violation of Title 21, United States Code, Sections 841, et seq.  Defendant understands that if proceeds of the offense(s) are not available to

PLEA AGREEMENT/PHILLIPS - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the United States to be forfeited, the Court may enter a forfeiture money judgment in the
2  amount of the proceeds.

3       Defendant agrees to fully assist the United States in the forfeiture of the subject
4  assets and to take whatever steps are necessary to pass clear title to the United States,
5  including but not limited to: surrendering title and executing any documents necessary to
6  effectuate such forfeiture; assisting in bringing any assets located outside the United
7  States within the jurisdiction of the United States; and taking whatever steps are
8  necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted,
9  hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to file a claim
10 to any of the subject property in any civil forfeiture proceeding, administrative or
11 judicial, which may be initiated.

12      13.    **Forfeiture of Contraband.**  Defendant also agrees that if any firearms or
13 illegal contraband were seized by any law enforcement agency from the possession of
14 Defendant, or that were in the direct or indirect control of Defendant, then he/she
15 consents to the administrative or judicial forfeiture, official use and/or destruction of said
16 firearms or contraband by any law enforcement agency involved in the seizure of these
17 items.

18      14.    **Waiver of Further Review of Forfeiture.**  Defendant agrees to waive all
19 constitutional and statutory challenges to forfeiture in any manner (including direct
20 appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance
21 with this Plea Agreement on any grounds, including that the forfeiture constitutes an
22 excessive fine or punishment.  Defendant also waives any failure by the Court to advise
23 Defendant of any applicable forfeiture at the time the guilty plea is accepted as required
24 by Rule 11(b)(1)(J).

25      15.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,
26 the United States Attorney's Office for the Western District of Washington agrees to
27 dismiss any other charges against him in the Superseding Indictment and to not prosecute
28 Defendant for any additional offenses known to it as of the time of this Agreement that

PLEA AGREEMENT/PHILLIPS - 8

are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or

PLEA AGREEMENT/PHILLIPS - 9

1  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

2  advisory Guidelines range, and/or by seeking an upward departure or variance from the

3  calculated advisory Guidelines range.  Under these circumstances, the United States is

4  free to seek such adjustments, enhancements, departures, and/or variances even if

5  otherwise precluded by the terms of the plea agreement.

6        17.  **Waiver of Appellate Rights and Rights to Collateral Attacks.**

7  Defendant acknowledges that by entering the guilty plea(s) required by this plea

8  agreement, Defendant waives all rights to appeal from his conviction and any pretrial

9  rulings of the court.  Defendant further agrees that, provided the court imposes a custodial

10  sentence that is within or below the Sentencing Guidelines range (or the statutory

11  mandatory minimum, if greater than the Guidelines range) as determined by the court at

12  the time of sentencing, Defendant waives to the full extent of the law:

13        a.  Any right conferred by Title 18, United States Code, Section 3742,

14  to challenge, on direct appeal, the sentence imposed by the court, including any fine,

15  restitution order, probation or supervised release conditions, or forfeiture order (if

16  applicable); and

17        b.  Any right to bring a collateral attack against the conviction and

18  sentence, including any restitution order imposed, except as it may relate to the

19  effectiveness of legal representation; and

20       This waiver does not preclude Defendant from bringing an appropriate motion

21  pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

22  decisions of the Bureau of Prisons regarding the execution of his sentence.

23       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

24  attacking (except as to effectiveness of legal representation) the conviction or sentence in

25  any way, the United States may prosecute Defendant for any counts, including those with

26  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

27  Agreement.

28

PLEA AGREEMENT/PHILLIPS - 10

1      18.    **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea

2 Agreement freely and voluntarily and that no threats or promises, other than the promises

3 contained in this Plea Agreement, were made to induce Defendant to enter his plea of

4 guilty.

5      19.    **Statute of Limitations**.  In the event this Agreement is not accepted by the

6 Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

7 the statute of limitations shall be deemed to have been tolled from the date of the Plea

8 Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

9 Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

10 the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

11     20.    **Completeness of Agreement**.  The United States and Defendant

12 acknowledge that these terms constitute the entire Plea Agreement between the parties.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 25ᵗʰ day of May, 2018.


TRAVIS PHILLIPS
Defendant


NANCY TENNEY
Attorney for Defendant


TODD GREENBERG
Assistant United States Attorney


THOMAS WOODS
JOSEPH SILVIO
Assistant United States Attorneys

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970