The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS PHILLIPS,<br><br>Defendant. | No. CR18-121-RAJ<br><br>***AMENDED* FINAL ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion to Amend Final Order of Forfeiture. The Final Order of Forfeiture, Dkt. No. 31, fully and finally forfeited the following property, in its entirety, to the United States (collectively, the "Forfeited Property"):

1. 7.01144579 Bitcoin seized from Defendant Travis Phillips' Electrum Bitcoin Wallet;
2. Apple iPhone, IMEI 359303061242348;
3. Apple iPhone, IMEI 359230069096097;
4. Apple iPhone, IMEI 013967000080882;
5. Apple MacBook Pro, Serial No. C02TC3DUHF1P;

*Amended* Final Order of Forfeiture - 1
*United States v. Travis Phillips,* CR18-121-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. Apple MacBook Air, Serial No. C1MRQBQNH3QF; and

7. Seagate Backup Plus, Serial No. NA7E4NM5;

8. Five-seven, semi-automatic 5.7mm caliber handgun, bearing Serial No. 386313464; and

9. Winchester repeating 70 Bolt Action, .243 caliber rifle, bearing Serial No. G116707.

The United States now moves, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(e)(1)(A), to amend the Final Order of Forfeiture to include the following additional property (the "Subject Property"):

**10. 6.99955613 bitcoin cash derived from bitcoin seized from Defendant Travis Phillips' Electrum bitcoin wallet.**

The Court, having reviewed the United States' Motion, as well as the other pleadings and papers filed in this matter, hereby FINDS amendment of the Final Order of Forfeiture to include the Subject Property is appropriate because:

- In the Plea Agreement filed on May 25, 2018, the Defendant agreed to forfeit all property "derived from . . . any proceeds Defendant obtained, directly or indirectly, as the result of" the offense to which he entered a guilty plea, which would include the Subject Property, Dkt. No. 8 ¶ 12;

- In the Plea Agreement, the United States further "reserve[d] its right to proceed against any remaining assets not identified in th[e] Plea Agreement, . . . if said assets . . . are traceable to proceeds" of the offense to which Defendant entered a guilty plea, which would include the Subject Property, *id.*; and

- The Subject Property would have been subject to forfeiture under the existing Final Order of Forfeiture but was located and identified after that order was entered.

//
//

*Amended* Final Order of Forfeiture - 2
*United States v. Travis Phillips,* CR18-121-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

NOW THEREFORE, THE COURT ORDERS:

1. No right, title, or interest in the Subject Property exists in any party other than the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(e)(2)(A), the Final Order of Forfeiture, Dkt. No. 31, is amended to include the Subject Property;

3. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States; and

4. The United States Department of Justice, the United States Department of Homeland Security, and/or their authorized agents or representatives, are authorized to dispose of the property in accordance with the law.

IT IS SO ORDERED.

DATED this 24th day of September, 2021.

*signature: Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

*Amended* Final Order of Forfeiture - 3
*United States v. Travis Phillips,* CR18-121-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970